# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv465

| ALAN DUBNICK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| HENDERSON COUNTY HOSPITAL CORPORATION, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Compel. In sum, plaintiff failed to provide discovery responses within the time allowed, defendant attempted to resolve such failure before filing the motion, and plaintiff served discovery responses only after the motion was filed. In fact, plaintiff served discovery responses on the eve of a deposition and during a deposition, which required an adjournment of such proceeding. While defendant appears satisfied with such responses, defendant still seeks a full response to it's 29th request for production of documents, to wit, plaintiff's tax returns and W-2's or 1099's for 2007 through trial. Such returns are clearly relevant to damages. Counsel for plaintiff should be aware that in this district, out-of-time production of discovery responses on the eve of a

relevant deposition or during a relevant deposition is not acceptable as such production does not afford opposing counsel the time necessary to review such documents so that the deponent can be questioned.

Inasmuch as such production caused an adjournment and plaintiff failed to show acceptable cause for the untimely production, and plaintiff has failed to provide an entire area of requested documents, defendant may well be entitled to its costs. Federal Rule of Civil Procedure 37(a)(4)(A) provides as follows:

> If the motion [to compel] is granted...the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was reasonably justified, or that such circumstances make an award of expenses unjust.

The court will consider the imposition of cost and attorney fees at the conclusion of trial at which time the court will be better informed as to this case. At that time, the court will hear from the defendant as to the amount of time and expense incurred by the defendant in regard to the Motion to Compel and the defendant's counsel should be prepared to present an affidavit as to the amount of time and a reasonable fee. The plaintiff will be allowed to be heard as to whether or not their objections, if any, were

substantially justified or such other circumstances that would make an award of expenses unjust. In addition to the costs incurred in preparing this motion, counsel for defendant should include in the cost affidavit a separate line item for the adjourned deposition, which the district court may consider. If not resolved amicably, costs will be determined at the conclusion of this action. In the event this action is settled without trial, it will be presumed that such costs were included in such settlement.

Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Compel (#20_) is **GRANTED,** and plaintiff shall produce to defendant all documents requested in the 29th request for production of documents within 10 days.

Signed: April 3, 2009

Dennis L. Howell
United States Magistrate Judge