# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:08cv465

| | | |
|---|---|---|
| **ALAN DUBNICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **HENDERSON COUNTY HOSPITAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion for Attorney Fees Pursuant to the Court's April 3, 2009 Order (#48). On April 3, 2009, the court by Order (#25)granted defendant's Motion to Compel (#20) production of discovery materials. Inasmuch as defendant was the prevailing party on such motion, it was entitled to recover its reasonable costs and fees, which the court deferred for consideration at the conclusion of trial. See Order (#25). This action was concluded not by trial, but through entry of summary judgment in favor of defendant on August 6, 2009. See Judgment (#41). On October 5, 2009, defendant filed a consolidated post-judgment Motion for Costs and Fees (#42), which was accompanied by a Bill of Costs, and taken up by the Clerk of this Court in accordance with Local Civil Rule

54.1. In compliance with the Local Civil Rules, the Clerk declined to address the request for attorneys fees (#47), and advised the defendant to file a separate motion for attorneys fees for consideration by the court. Id. On November 12, 2009, defendant filed the instant Motion for Attorneys Fees.

Plaintiff first argues that the Motion for Attorneys Fees is untimely. Plaintiff argues, as follows:

> Federal Rule of Civil Procedure 54 requires any motion for attorney's fees to be filed no later than 14 days after the entry of judgment.

Response (#50), at ¶ 2. While plaintiff does not provide a full citation to the rule from which such argument is drawn, it appears that such argument is derived from Rule 54(d)(2)(B)(ii), which does provide a 14 day period from judgment for seeking attorneys fees. Plaintiff omits from such argument, however, the prefatory language, which provides "[u]nless a statute or a court order provides otherwise . . . ." Fed.R.Civ.P. 54(d)(2)(B). As provided above, the timing of the motion for attorneys fees was governed by court Order. Plaintiff also omits from such argument that Rule 54 has no application to attorneys fee requests that stem from violation of the Federal Rules of Civil Procedure, as the same Rule goes on to provide that

> [s]ubparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.

Fed.R.Civ.P. 54(E). As the court informed plaintiff in the previous Order allowing defendant to seek its fees, such award would be governed by Rule 37, which provides that

> **(5) Payment of Expenses; Protective Orders.**
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
>
> * * *

Fed.R.Civ.P. 37(a)(5)(A). Defendant's request for attorneys fees is, therefore, not governed by the 14 day deadline found in Rule 54 as such fees are recoverable as a sanction for violating the Federal Rules of Civil Procedure, to wit, failure to properly respond to defendant's discovery requests.

Next, plaintiff argues the merits of the Motion to Compel. Issues concerning the substance of the Motion to Compel were resolved by earlier Order and the time for appealing such disposition under Rule 72 has long passed. The court will, instead, consider the merits of the Motion for Attorneys Fees under Rule 37(a)(5)(A), which requires the court to consider not the substance of the motion, but the circumstances surrounding the motion, as follows:

* * *

But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A). Plaintiff has made no such showing, and the court finds that defendant used reasonable efforts to obtain the materials prior to filing the motion, such non-disclosure was not justified, and that an award of fees in this particular case would be just.

The court now turns to the fee petition. Defendant seeks a total fee award of $10,556.00, which includes $3,186.00 for fees incurred in connection with the Motion to Compel, $5,696.00 in connection with an adjourned deposition necessitated by the production of previously requested documents on the first day of the deposition, and $1,674.00 for fees incurred in preparation of the Motion for Fees. See Defendant Ex. A, at 4 (#48-1).

In determining whether any award of attorneys fee is reasonable, the Court of Appeals for the Fourth Circuit has provided the court with very specific guidance, as follows:

In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable

hours expended times a reasonable rate. <u>Grissom v. The Mills Corp.</u>, 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' " *Grissom*, 549 F.3d at 321 (*quoting Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks and citation omitted).

<u>Robinson v. Equifax Information Services, LLC</u>, 560 F.3d 235, 243 -244 (4th Cir. 2009).[1] Of particular concern in this case, the appellate court in <u>Robinson</u> held that

---

[1]     While <u>Robinson</u> dealt with fees for a prevailing party, there appears to be little difference in what a court must consider to determine an appropriate fee that is occasioned by

'[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'

Id., at 244 (citation omitted).  The appellate court went on to hold, as follows:

[a]lthough we recognize that the district court authored a very thorough memorandum opinion, we nonetheless conclude that it abused its discretion by awarding the hourly rates requested by Robinson in the absence of 'satisfactory specific evidence of the prevailing market rates....'  Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community.

Id., at 245 (citation omitted).  In this case, the only affidavit the court has is that of one of the attorneys representing defendant, Mr. Gilley.  Although Mr. Gilley avers that the hourly rate billed by defendant's counsel ( $270.00 per hour) "is a reasonable rate based on the rates prevailing in this District," Defendant's Ex. A., Gilley Aff., at ¶ 2, a party seeking attorneys fees is required to produce "satisfactory specific evidence of the prevailing market rates in the relevant community" beyond the attorney's own averment of reasonableness.  Robinson, supra, at 244.  Without such support, the court simply cannot grant the requested relief as such would be an abuse of discretion.

---

failure to comply with the Rules of Civil Procedure.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Attorney Fees Pursuant to the Court's April 3, 2009 Order (#48) is **DENIED**.

Signed: December 17, 2009

Dennis L. Howell
United States Magistrate Judge